Hadzovic v Buckley Sch. in the City of N.Y. (2025 NY Slip Op 02851)

Hadzovic v Buckley Sch. in the City of N.Y.

2025 NY Slip Op 02851

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 155590/23|Appeal No. 4311|Case No. 2024-04707|

[*1]Safet Hadzovic, Plaintiff-Appellant,
v
The Buckley School in the City of New York, Defendant-Respondent, 109 East 73, LLC, et al., Defendants.

David Rozenholc & Associates, New York (James B. Fishman of counsel), for appellant.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Gerald Lebovits, J.), entered July 23, 2024, which granted the appealing defendant's motion for summary judgment dismissing the complaint and for summary judgment on its counterclaims awarding defendant an order of ejectment and damages for unpaid rent and use and occupancy, and denied plaintiff's cross-motion for summary judgment, unanimously modified, on the law, to the extent of denying defendant's motion for summary judgment dismissing the complaint and for summary judgment on its counterclaims, and the matter remanded for further proceedings consistent with this order, and otherwise affirmed, without costs.
In June 2023, defendant purchased the building containing plaintiff's apartment, which he first rented from the former landlord under a market lease beginning in 2017 at a rate of $2,000 per month, contemporaneous with his employment as the building's superintendent. According to the former landlord, although plaintiff's lease was not renewed when it expired in 2018, plaintiff continued to live in the apartment and pay $2,000 per month in rent. Also in June 2023, plaintiff commenced this action for declaratory relief and injunctive relief relating to the rent-regulated status of his apartment and rent overcharge damages after the former landlord served a 90-day notice of termination in advance of the sale of the building to defendant.
In moving for summary judgment, defendant acknowledged that the former landlord may have miscalculated the historical legal regulated rents for the apartment but asserted that reconstructing the proper legal regulated rent nevertheless resulted in a proper deregulation of the apartment in 2009. Plaintiff argued that an earlier tenant's use of the apartment as a commercial premises under a commercial lease should not have been counted toward the legal regulated rent for the purposes of reaching the high-rent deregulation threshold of $2,000 per month under the now-repealed Rent Stabilization Law (former Administrative Code of the City of New York § 26-504.2[a], repealed by L 2019, ch 36, §1, part D, as amended by L 2024, ch 95, § 4). In granting defendant's motion, Supreme Court did not determine whether the apartment was deregulated in 2009, but reasoned that summary judgment was proper because using defendant's reconstruction of the proper legal regulated rents for the apartment would have resulted in a legal regulated rent of $2,000 by 2013.
Supreme Court should have denied defendant's motions for summary judgment because "defendant did not eliminate all triable issues of fact as to whether its purported high-rent destabilization of the apartment was legal and legitimate" (Malkiewicz v Acquisition Am. XI LLC, 233 AD3d 587, 588 [1st Dept 2024]). According to the New York State Division of Housing and Community Renewal (DHCR) rent history for the apartment, the last rent-stabilized tenant was registered as "Lopez" under a two-year lease [*2]beginning August 1, 2005, with a legal regulated rent of $1,800 per month, with the final registration dated May 13, 2008 showing a legal regulated rent of $1,900. Leases produced by defendant showed that the tenant "Lopez" referred to "Lopez Restoration"; the apartment was originally leased to that entity under a two-year market lease beginning on August 1, 2005 for use as "A Professional suite with residential privileges." In 2007, Lopez Restoration entered into a new two-year market lease for the apartment to be "used only as a picture frame business." Defendant also produced a standard form apartment lease issued to "A. Lopez," as tenant for the period August 1, 2009 through July 31, 2011, under which the rent for the period August 1, 2010 through July 31, 2011 reached a rate of $2,050 per month. These are the only leases in the record, aside from plaintiff's market lease for $2,000 per month.
The Rent Stabilization Code (9 NYCRR § 2520.11[n]) excludes "housing accommodations used exclusively for professional, commercial, or other nonresidential purposes." "[W]here, as here, there is a question of fact concerning whether the premises at issue are being utilized for mixed residential and commercial use," that question must be resolved in the first instance by the factfinder (Middleton & Arment v Yuen Gan, 143 AD2d 58, 59 [1st Dept 1988]). Here, defendant did not establish as a matter of law that Lopez Restoration ever used the apartment for residential purposes, which was its burden to show that the 2009 deregulation was proper (see e.g. Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [1st Dept 2011]). Moreover, denial of defendant's motion is warranted even without considering the tenant's submission of an affidavit in reply from Lopez Restoration Inc.'s principal, Angelo Lopez, who stated that the apartment was used solely for commercial purposes and Lopez's primary residence was in Queens for the entire 10-year occupancy of the apartment (see e.g. Nadler v Carmine Ltd., 231 AD3d 485, 486 [1st Dept 2024]).
The question of Lopez's use of the apartment must be resolved before determining whether the former landlord was permitted to avail itself of the two 20% vacancy increases it applied during that period to reach the 2009 high-rent vacancy deregulation threshold of $2,000 per month, or at any point thereafter. Other than plaintiff's lease and the three above-described leases, defendant did not provide evidence that the former landlord "had otherwise complied with the requirements of the Rent Stabilization Law," further warranting denial of its motion (13 E. 124 LLC v Taylor, 236 AD3d 562 [1st Dept 2025]).
Our recent decision in Taylor is also relevant to the resolution of the balance of the parties' contentions, particularly with respect to the recently enacted amendments to the Rent Stabilization Code (9 NYCRR § 2520, et seq.) and the Rent Stabilization Law (former Administrative Code § 26-504). The amendments adopted a "totality of the circumstances[*3]" approach to establishing a fraudulent scheme to remove an apartment from rent regulation, which "should be considered in the first instance on a complete record" by the motion court (Taylor,236 AD3d at 563; see also Burrows v 75-25 153rd St., LLC, — NY3d &mdash, 2025 NY Slip Op 01669, *3 n 1 [2025], citing L 2024, ch 95, § 4).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025